893 F.2d 1338
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Donald L. JACKSON; Patricia V. Jackson, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF
CALIFORNIA, Respondent,
Western Farm Credit Bank, formerly known as Federal Land
Bank Association of Sacramento, et al., Real Party
in Interest.
 No. 89-70453.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1989.
Decided Jan. 12, 1990.
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald and Patricia Jackson (the "Jacksons") petition for writ of mandamus ordering the district court to reinstate a lis pendens. Alternatively, the Jacksons request a stay of the district court's order expunging the lis pendens pending exhaustion of their appeals.
 
 
 3
 We have jurisdiction to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. Sec. 1651 (1982).[1] Armster v. United States District Court, 806 F.2d 1347, 1351 (9th Cir.1986). We deny the Jacksons' petition for writ of mandamus and deny the Jacksons' request for a stay.
 
 I. Writ of Mandamus
 
 4
 The Jacksons contend they are entitled to a mandamus remedy because the district court erroneously granted Western Farm Credit Bank's ("Farm Credit") motion to expunge their lis pendens. The district court expunged the lis pendens after dismissing the Jacksons' claims under the Agricultural Credit Act of 1987 (the "1987 Act"), 12 U.S.C. Secs. 2001-2279aa-14 (1988).
 
 
 5
 A "writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). The federal courts have traditionally only used the writ in exceptional circumstances where it is necessary "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26 (1943)); Armster, 806 F.2d at 1351 (quoting Roche ); Bauman v. United States District Court, 557 F.2d 650, 654 (9th Cir.1977) (quoting Roche ). The party seeking mandamus has the burden of showing that it has a "clear and indisputable" right to issuance of the writ. Gulfstream, 108 S.Ct. at 1143; Bauman, 557 F.2d at 662.
 
 
 6
 We consider five factors to determine whether issuance of a writ is an appropriate remedy. See Armster, 806 F.2d at 1351-52. These factors are:
 
 
 7
 1. Whether the party seeking the writ has no other adequate means to obtain the desired relief.
 
 
 8
 2. Whether the petitioner will be prejudiced or damaged in such a way as to be irremediable on direct appeal.
 
 
 9
 3. Whether the district court's order is clearly erroneous as a matter of law.
 
 
 10
 4. Whether the district court's order is an oft repeated error or manifests a pattern evincing a consistent disregard for the federal rules of procedure.
 
 
 11
 5. Whether the district court's order raises new, important, or unique issues, generally of first impression.
 
 
 12
 Id. at 1352 (citing Bauman, 557 F.2d at 654-55). In applying these five factors, we note that they " 'are not susceptible of mechanical application' and ... only 'a useful starting point.' " Id. (quoting In re Cement Antitrust Litigation (MDL NO. 296), 688 F.2d 1297, 1301 (9th Cir.1982), aff'd for lack of a quorum, 459 U.S. 1191 (1983)).
 
 
 13
 At the outset, we acknowledge that the first two factors appear to weigh in the Jacksons' favor. Although the Jacksons do not claim that a direct appeal is unavailable to them, the relief they do desire is specifically related to halting the anticipated sale of the farm property once the lis pendens is expunged.[2] Thus, while the Jacksons are not precluded from seeking a money damages remedy, there appears to be no other adequate means to prevent Farm Credit from selling the property prior to exhaustion of a direct appeal. This inadequacy of alternative relief is closely related to the second factor since a direct appeal would not allow the Jacksons an opportunity to repurchase the property once it is sold to a third party.
 
 
 14
 Nevertheless, the Supreme Court has cautioned "that the writ is not to be used as a substitute for appeal ... even though hardship may result from delay...." Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964) (citations omitted). This guidance is in accord with our general policy of postponing appellate review until after final judgment has been rendered by the trial court. See Bauman, 557 F.2d at 653 n. 4.
 
 
 15
 These general policies require us to balance these often conflicting factors in determining whether mandamus is warranted. See id. at 655. It is our conclusion that the remaining three factors relating to the district court's order sufficiently outweigh any hardships the Jacksons may incur by our denial of mandamus relief.
 
 
 16
 The district court dismissed the Jacksons' statutory claims in reliance on our recent opinion in Harper v. Federal Land Bank of Spokane, 878 F.2d 1172 (9th Cir.1989). In Harper, we held that there was no implied private right of action under the 1987 Act. Id. at 1173. Based on this ruling, the district court ordered the Jacksons' lis pendens on the property expunged.
 
 
 17
 The Jacksons do not contest Harper% 's validity, but rather contend it is distinguishable. Specifically, the Jacksons contend that Harper was limited to the debt restructuring provisions of the 1987 Act and is therefore inapplicable to the rights of first refusal at issue here.
 
 
 18
 Contrary to the Jacksons' contentions, there is no explicit indication that our holding in Harper was not intended to apply to the 1987 Act in its entirety. Although only the debt restructuring provisions were at issue in Harper, we expressly framed the issue in terms of the entire statute. See id. Moreover, in joining other federal courts which have also rejected an implied right of action under the 1987 Act, we acknowledged and thereby implicitly rejected several contrary cases that recognized a right of action under the right of first refusal provisions of the Act. See id. at 1177.
 
 
 19
 Thus, the district court relied on recent and arguably controlling precedent in its decision to dismiss the Jacksons' statutory claims. We conclude, therefore, that the district court's order was not clearly erroneous as a matter of law.[3]
 
 
 20
 Nor has there been any showing that the district court's order was an "oft repeated error" or manifested "a consistent disregard for the federal rules." Armster, 806 F.2d at 1352. Finally, in light of Harper, the district court's order fails to raise "new, important, or unique issues, generally of first impression." Id.
 
 
 21
 After weighing these factors, we find that the Jacksons have failed to meet their burden. Along with the Supreme Court's direction requiring restraint in the use of extraordinary relief and our general policy of not using mandamus as an alternative to direct appeals, we conclude that the Jacksons have failed to establish that they have a "clear and indisputable" right to issuance of the writ. Gulfstream, 108 S.Ct. at 1143; Bauman, 557 F.2d at 662.
 
 II. Stay of Expungement Order
 
 22
 As alternative relief, the Jacksons request us to stay expungement of the lis pendens pending exhaustion of their appeals.
 
 
 23
 The standard for evaluating stays pending appeal is similar to that used by district courts in determining whether to grant a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir.), stay granted pending appeal, 463 U.S. 1328 (1983) (Rehnquist, J., in chambers). Thus, the Jacksons are required to show both a probability of success on the merits and the possibility of irreparable injury. Id. The Jacksons must additionally demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in their favor. Id.
 
 
 24
 Many of the same considerations we employed in denying the Jacksons' writ compel us to also deny any further stay of the expungement order. Although the relief sought by the Jacksons may be unavailable on direct appeal and therefore lead to irreparable injury, the Jacksons have failed to show a probability of success on the merits. Indeed, for the Jacksons to succeed on a direct appeal they must initially surmount the hurdle of establishing that they have a right of action by distinguishing the Harper decision. As previously stated, there is little indication that Harper does not extend to the entire 1987 Act.
 
 
 25
 The Harper decision similarly precludes a showing that serious legal questions have been raised. Finally, we note Farm Credit's representations of millions of dollars in anticipated further losses should the stay not be lifted. Although this would tend to tip the balance of hardships in Farm Credit's favor, we need not address it since the Jacksons have failed to show a probability of success on the merits.
 
 III. Conclusion
 
 26
 The Jacksons' petition for writ of mandamus and request for a stay are denied.
 
 
 27
 THE MANDATE SHALL ISSUE AT ONCE.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California law also expressly authorizes an appeal by writ of mandate of a district court order granting a motion to expunge a lis pendens. Cal.Civ.Proc.Code Sec. 409.4; see also id. Sec. 409(a) (authorizing recordation of lis pendens in federal district court)
 
 
 [2]
 Farm Credit acknowledged both at oral argument and in its Opposition to Request for Continuation of Stay that, once the lis pendens is expunged, they would attempt to sell the property as soon as possible in order to avoid incurring further expected losses
 
 
 [3]
 The district court's order granting Farm Credit's motion to expunge the lis pendens was similarly not clearly erroneous since, in applying California law, a district court must expunge a lis pendens if the party recording the lis pendens fails to show, by a preponderance of the evidence, that the underlying action affects title to or right of possession of real property and that the recording party has commenced or prosecuted the action for a proper purpose and in good faith. See Cal.Civ.Proc.Code Sec. 409.1. (Emphasis added). Here, the dismissal of the underlying statutory claims eliminated any remaining interest the Jacksons held in the property